IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER

      Plaintiff,                    No. CIV S-09-3307 FCD KJN P

  vs.

K. DICKINSON, et al.

      Defendants.           <u>FINDINGS AND RECOMMENDATION</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel with an action under 42 U.S.C. § 1983. On September 23, 2010, plaintiff filed a motion to stop his transfer to Salinas Valley State Prison Level (4) yard. Because plaintiff seeks immediate intervention by this court to prevent the transfer, the court construes the motion as one for a temporary restraining order.

      A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. <u>See</u> generally, Fed. R. Civ. P. 65; <u>see</u> also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for

1

preliminary injunction.[1]

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In his original complaint, plaintiff alleges, inter alia, that defendants have placed a false conviction of forcible rape in his record for retaliatory purposes. (See Dkt No. 1.) Shortly after this case was transferred to this district from the Northern District of California, plaintiff moved the court for assistance in transferring him from HDSP to another prison. (See Dkt. No. 10.) The court denied that motion. (See Dkt. No. 17.) On April 7, 2010, plaintiff filed a motion stating he had received a transfer based on medical reasons. (Dkt. No. 18). However, plaintiff opposed the transfer, despite having recently asked for one, claiming that the assignment to Salinas Valley was a "set up" by defendants to preserve the false conviction in his permanent

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions")(citations omitted).

record. (Id. at 1.) The court denied plaintiff's April 7, 2010 motion. (Dkt. No. 22.) Plaintiff has again moved to block his transfer to Salinas Valley. (Dkt. No. 34.) Plaintiff states he "can't think of no other reason why they would be sending [him] there but to cause injury due to a lawsuit on staff, this lawsuit." (Id. at 1.) It appears defendants have not yet been served with process. (Dkt. No. 31.)

"Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

Plaintiff does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm—either on the merits of the instant litigation or, more fundamentally, to his person. Plaintiff obliquely suggests the transfer will "cause injury," but fails to explain how or why. Plaintiff alleges no specific harm that will occur if he is transferred to Salinas Valley. He does not contend that no medical purpose will be served by his transfer to Salinas Valley. Plaintiff alleges only that his transfer to a Level 4 yard violates "Departmental Rules and Regulations." (Dkt. No. 34 at 1.) Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).

Although plaintiff believes there is a connection between this action and his transfer to Salinas Valley, there is nothing in the instant motion suggesting that such a

connection, even if true, has anything to do with plaintiff's ability to prosecute his underlying claims against defendants.[2]  Plaintiff should be able to litigate, and the court adjudicate, his case, including his claim concerning the allegedly false conviction in his record, whether or not he is transferred to Salinas Valley.  In sum, plaintiff has not shown any conditions of imminent harm that would warrant the extraordinary exercise of immediate injunctive action against his transfer.

For the foregoing reasons, the court will recommend that the motion to stop his transfer to Salinas Valley State Prison Level (4) yard, construed as a motion for a temporary restraining order, be denied.

IT IS HEREBY RECOMMENDED that the September 23, 2010 motion to stop his transfer to Salinas Valley State Prison Level (4) yard (Dkt. No. 34), construed as a motion for a temporary restraining order, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-one days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.tro2

---

[2] These findings and recommendations do not express an opinion on the underlying merits of plaintiff's complaint.

4