IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

        Plaintiff,            No. 2:09-cv-3307 FCD KJN P

    vs.

K. DICKINSON, et al.,

        Defendants.        <u>ORDER TO SHOW CAUSE</u>

                                   /

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 18, 2010, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12, and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 53.)  Defendants allege, inter alia, that:  (a) plaintiff's pre-2009 claims against defendant Miller are time-barred; (b) plaintiff failed to exhaust his administrative remedies as to defendant Miller; (c) plaintiff's 2009 claims against defendant Miller are factually impossible as defendant Miller retired in 2007; and (d) plaintiff has failed to state a cognizable claim against defendants Sinkovich and Robertson because evidence demonstrates that they processed plaintiff's administrative appeals. Plaintiff has not opposed the motion.

        However, on December 10, 2010, plaintiff filed a declaration stating he is

1

physically unable to continue litigating this action because he has a disfigured and swollen wrist that causes him "stinging shock" pain when he writes. Plaintiff asks for an enlargement of time until he receives surgery. Plaintiff provided no medical records or other evidence demonstrating he is scheduled for surgery, but refers to "'crooky' disfigurement lack of treatment." (Dkt. No. 54 at 1.)

Plaintiff also noted he is litigating another case in this district, Case No. 2:10-cv-2105 LKK EFB P.[1] In that case, 2:10-cv-2105, plaintiff has filed a civil rights complaint alleging deliberate indifference to his serious medical needs. (Id., Dkt. No. 1.) Plaintiff states he is taking morphine and Lyrica for pain due to nerve damage in his hand, arms and wrists. (Id., at 1, 7.) Plaintiff alleges he cannot sleep, hold a cup, tie his shoes or wipe himself. (Id. at 8.) Plaintiff has been diagnosed with Hepatitis C (id. at 10) and suffers from a skin condition causing severe itching as a result of morphine use. (Id. at 18.)

It appears plaintiff suffers from myriad health issues, for which this court is sympathetic. However, the court is unable to stay a case for an indefinite period. Accordingly, defendants will be ordered to show cause, if any they have, why this case should not be stayed for a period of three months. In three months, plaintiff would be ordered to inform the court of his medical status and whether he is able to proceed with this action.

In light of the foregoing, IT IS HEREBY ORDERED that within thirty days from the date of this order, defendants shall show cause why this case should not be stayed for three months.

DATED: December 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.osc

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).