IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

      Plaintiff,                No. 2:09-cv-3307 FCD KJN P

    vs.

MILLER and REED,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  By order filed January 26, 2011, this action was stayed, and plaintiff was directed to file, on or before March 11, 2011, a status report providing the status of his wrist injury, and stating whether he is able to proceed. (Dkt. No. 61.)  Plaintiff has failed to file a status report.

        However, on February 11, 2011, plaintiff filed a motion to reinstate defendants Sinkovich and Robertson as defendants in this action.  (Dkt. No. 62.)  Defendants Sinkovich and Robertson were voluntarily dismissed, with prejudice, pursuant to a stipulation, pursuant to Rule 41(a)(1)(A)(ii), signed by plaintiff and counsel for defendants, filed on December 21, 2010. (Dkt. No. 55.)  The court notes that plaintiff voluntarily dismissed his action, <u>Mester v. Kelso</u>, et al., 2:10-cv-2105 LKK EFB P, specifically without prejudice, by notice filed February 22, 2011, based, in part, on his alleged wrist and hand injuries.  (Dkt. No. 57.)

1

It appears by the filing of the February 11, 2011 motion, signed February 1, 2011,[1] that plaintiff intends to proceed with the instant action. However, in light of plaintiff's filing in 2:10-cv-2105 LKK EFB P, signed February 13, 2011, the court will provide plaintiff two options. If plaintiff is unable to prosecute this action, he shall file a status report providing the nature and status of his injury and explaining his inability to proceed. Defendants' reply shall be filed fourteen days thereafter. If, however, plaintiff intends to proceed with this action, plaintiff shall file an opposition to the November 18, 2010 motion. Defendants' reply shall be filed fourteen days thereafter.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall choose from one of the following options and file the item chosen:

1. If plaintiff is unable to prosecute this action, he shall file a status report providing the nature and status of his injury and explaining his inability to proceed. If plaintiff chooses this option, defendants' reply shall be filed fourteen days thereafter. Or

2. If plaintiff intends to proceed with this action, plaintiff shall file an opposition to the November 18, 2010 motion. If plaintiff chooses this option, defendants' reply shall be filed fourteen days thereafter. Defendants shall also file a response to plaintiff's February 11, 2011 motion to reinstate defendants Sinkovich and Robertson as defendants.

Plaintiff is cautioned that failure to comply with this order will be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.

DATED: March 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.eot

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).