IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

      Plaintiff,                    No. 2:09-cv-3307 FCD KJN P

    vs.

MILLER and REED,

      Defendants.              FINDINGS AND RECOMMENDATIONS

                             /

          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. At present, the instant action is stayed pursuant to plaintiff's claim that his wrist injury prevents him from prosecuting this action. By order filed March 18, 2011, plaintiff was directed to inform the court whether he is still unable to prosecute this action or whether he wishes to proceed. Plaintiff's response to that order is due on or before April 17, 2011.

          On March 28, 2011, plaintiff filed a motion for preliminary injunction. Plaintiff claims that he is in severe pain, and that Dr. Chohstos [sic], on February 17, 2011, allegedly asked plaintiff how many lawsuits plaintiff has and, after plaintiff responded "two," the doctor allegedly took away plaintiff's pain medications of Lyrica and Morphine, sending plaintiff into "extreme withdrawals" and pain. (Dkt. No. 65 at 2.) Plaintiff states he is being "tortured with unnecessary pain." (Dkt. No. 65 at 3.)

1

However, in the instant action, plaintiff alleges, *inter alia*, that defendants placed a false conviction of forcible rape in his prison record for retaliatory purposes. (Dkt. No. 1.) It appears plaintiff alleges both defendants Miller and Reed were employed at California Medical Facility, Vacaville, at the time of the allegations at issue herein. (Id.) Plaintiff's allegations are based on incidents alleged to have occurred in 2009 and before. The instant complaint does not contain any allegations concerning medical care. At the time plaintiff filed the instant complaint, he was housed at High Desert State Prison in Susanville, California. Plaintiff was subsequently transferred to Pleasant Valley State Prison in Coalinga, California, where he is presently housed.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted

above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

The claims on which plaintiff's motion is predicated are not included in the complaint on which this action is proceeding. For that reason, the claims will not be given a hearing on the merits at trial. Further, these claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at Pleasant Valley State Prison, Coalinga, who are not named in the underlying litigation.[1] Review of plaintiff's filings in the instant action as well as other actions in this court[2] demonstrate plaintiff has a variety of medical conditions requiring complex medical care.[3] If plaintiff believes his present doctors are

---

[1] Admittedly, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977). Nevertheless, the undersigned does not conclude that injunctive relief is appropriate in this case.

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3] For example, see Findings and Recommendations issued January 21, 2011, in Mester v. Kelso, et al., 2:10-cv-2105 LKK EFB P (Dkt. No. 48), describing plaintiff's pain, pruritus, hepatitis C, and wrist and hand conditions, and plaintiff's alleged disagreement with the pain medication regimen prescribed by his doctor. Id.

deliberately indifferent to his serious medical needs, he should file a civil rights complaint in the Fresno Division of this court raising those allegations. Plaintiff should not attempt to raise these allegations in a completely unrelated court action. Moreover, plaintiff is cautioned that the United States Supreme Court requires plaintiff to exhaust his administrative remedies prior to seeking relief in federal court. Booth v. Churner, 532 U.S. 731 (2001).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 28, 2011 motion for injunctive relief (dkt. No. 65) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1 2011

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

mest3307.pi