IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

        Plaintiff,                    No. 2:09-cv-3307 KJM KJN P

    vs.

MILLER and REED,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. This action is proceeding on plaintiff's August 17, 2009 civil rights complaint. By order filed January 26, 2011, this action was stayed, and plaintiff was directed to file, on or before March 11, 2011, a status report providing the status of his wrist injury, and stating whether he is able to proceed. (Dkt. No. 61.) Plaintiff failed to file a status report. On March 18, 2011, plaintiff was directed to file a status report or file an opposition to defendants' November 18, 2010 motion. On March 28, 2011, plaintiff filed a document entitled "Status Report Preliminary Injunction."[1] Plaintiff states he cannot litigate or continue until he is "normal functioning." (Dkt. No. 65 at 3.) Plaintiff does not provide a time line, either in terms of medical treatment for his wrist injury, or in terms of how

---

[1] Plaintiff's motion for injunctive relief was addressed by separate findings and recommendations. (Dkt. No. 66.)

1

long he seeks to have this action stayed. However, it appears plaintiff seeks to continue the stay of this action based on "severe pain."

The court has previously explained to plaintiff that the court cannot stay this action for an indefinite or unlimited period of time. Moreover, on November 18, 2010, defendant Miller moved to dismiss this action alleging, inter alia, that plaintiff's pre-2009 claims are barred by the statute of limitations, and that plaintiff's 2009 claims against defendant Miller are factually impossible inasmuch as defendant Miller retired from the California Medical Facility in 2007, and has had no access to inmate central file records since her retirement. To date, plaintiff has not responded to this motion.

In defendants' January 19, 2011 response, defendants noted that plaintiff was receiving medical treatment for several medical conditions, and did not object to the initial stay of this action. However, defendants requested an opportunity to object to any additional stay, depending on reports from medical staff at that time. (Dkt. No. 59 at 2.) Accordingly, defendant Miller will be provided an opportunity to address plaintiff's request to continue the stay of this action.

On February 11, 2011, plaintiff filed a motion to reinstate defendants Sinkovich and Robertson. In the complaint, plaintiff alleges defendants Sinkovich and Robertson failed to process plaintiff's appeals. However, plaintiff voluntarily dismissed, with prejudice, defendants Sinkovich and Robertson from this action on December 21, 2010. (Dkt. No. 55.)

Plaintiff has failed to show good cause to reinstate these defendants. Moreover, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Other district

courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal. 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Therefore, plaintiff's allegations against defendants Sinkovich and Robertson fail to state a cognizable civil rights claim.

Finally, defendants have provided evidence that grievance CMF 09-01537 was processed by defendant Robertson through the Director's Level (Dkt. No. 53-1 at 6), and grievance CMF 09-1483 was processed by defendant Sinkovich through the second level of review.[2] (Dkt. No. 53-1 at 29.)  Plaintiff's grievance HDSP 10-0294 was processed through the second level of review by defendant Robertson, even though the grievance was a duplicate of grievance CMF 09-1483. (Dkt. No. 53-1 at 7.) This evidence rebuts plaintiff's allegations as to defendants Sinkovich and Robertson.  Therefore, allowing plaintiff to reinstate defendants Sinkovich and Robertson would be futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Miller shall address plaintiff's request to continue the stay of this action (dkt. no. 65) within fourteen days from the date of this order; and

2. Plaintiff's motion to reinstate defendants Sinkovich and Robertson (dkt. no. 62) is denied.

DATED: April 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.fb

---

[2] Although this appeal was rejected by the Inmate Appeal Branch, the rejection was not issued by either defendant Sinkovich or Robertson. (Id.)