1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MORRIS MESTER,

11         Plaintiff,                    No. 2:09-cv-3307 FCD KJN P

12      vs.

13   K. DICKINSON, et al.,

14         Defendants.              ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding without counsel.  On November 18, 2010,

17   defendant Miller[1] filed a motion to dismiss and motion for summary judgment.  The action was

18   subsequently stayed, and on June 24, 2011, the stay was lifted, and plaintiff was granted an

19   extension of time in which to oppose the motion.  On July 5, 2011, plaintiff filed a document

20   entitled "Responding to Summary Judgment Motion . . ." in which plaintiff claims he has

21   misplaced the motion and therefore cannot timely respond.  Plaintiff claims he is not stalling, but

22   that with all the cell searches and prison transfers, he cannot find his copy of the motion.

23         Even litigants proceeding without counsel are required to pay for copies of court

24   filings.  Plaintiff is prosecuting his own civil rights action and is required to maintain his own

25

26   [1]  Defendants Sinkovich and Robertson joined in the motion, but were subsequently
     dismissed.  (Dkt. No. 55.)

1

1   records of court actions.  However, given the stale nature of this motion, the court directs the

2   Clerk of Court to provide plaintiff a copy of the motion in order to expedite resolution of this

3   stale motion.  Plaintiff is cautioned, however, that it is not inclined to provide plaintiff an

4   extension of time to respond to the motion, nor to provide plaintiff with copies of any other

5   documents filed in this action.

6           In addition, plaintiff claims his complaint "is not all about [defendant] Miller."

7   (Dkt. 91 at 1.)  Plaintiff is reminded that the pending motion was filed by defendant Miller.

8   Therefore, plaintiff need only address plaintiff's allegations against defendant Miller.  Plaintiff

9   should not address any other defendant in the opposition to the motion.

10          Finally, given the stale nature of defendant Miller's motion, plaintiff is cautioned

11  that the court will not grant any further extensions of time to respond to the pending motion.

12  Local Rule 230(*l*) provides in part:  "Failure of the responding party to file written opposition or

13  to file a statement of no opposition may be deemed a waiver of any opposition to the granting of

14  the motion . . . ."  On August 13, 2010, plaintiff was advised of the requirements for filing an

15  opposition to a motion and that failure to oppose such a motion may be deemed a waiver of

16  opposition to the motion.

17          Local Rule 110 provides that failure to comply with the Local Rules "may be

18  grounds for imposition of any and all sanctions authorized by statute or Rule or within the

19  inherent power of the Court."  In the order filed August 10, 2010, plaintiff was also advised that

20  failure to comply with the Local Rules may result in a recommendation that the action be

21  dismissed.

22          Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

23          **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute
            or to comply with these rules or a court order, a defendant may
24          move to dismiss the action or any claim against it.  Unless the
            dismissal order states otherwise, a dismissal under this subdivision
25          (b) and any dismissal not under this rule -- except one for lack of
            jurisdiction, improper venue, or failure to join a party under Rule
26          19 -- operates as an adjudication on the merits.

1 | <u>Id.</u>

2 |      Good cause appearing, IT IS HEREBY ORDERED that:

3 |      1. The Clerk of Court is directed to send plaintiff a copy of defendant Miller's

4 | November 18, 2010 motion, with attachments (Dkt. Nos. 53-1 & 53-2);

5 |      2. On or before August 1, 2011, plaintiff shall file an opposition, if any, to the

6 | motion to dismiss and for summary judgment.  Failure to file a timely opposition will be deemed

7 | as consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution;

8 | and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.

9 | Such failure shall result in a recommendation that defendant Miller's motion be granted and

10 | plaintiff's claims against defendant Miller be dismissed pursuant to Federal Rule of Civil

11 | Procedure 41(b); and

12 |      3. Defendant Miller's reply, if any, shall be filed seven days thereafter.

13 | DATED:  July 11, 2011

14 |

15 | _____

16 | KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

17 | mest3307.eot2

3