1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MORRIS MESTER,

11          Plaintiff,                        No. 2:09-cv-3307 KJM KJN P

12      vs.

13   MILLER AND REED,

14          Defendants.                FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner, presently housed at Pleasant Valley State Prison,

17   Coalinga, California ("PVSP"), proceeding without counsel.  Plaintiff's tenth motion for

18   preliminary injunctive relief is before the court.  (Dkt. No. 90.)  As discussed more fully below,

19   plaintiff's motion for injunctive relief should be denied.

20          Plaintiff again seeks a court order requiring plaintiff to be hospitalized.  (See Dkt.

21   No. 69.)  Plaintiff complains that the surgeon ordered pain medications that Dr. Chokatos

22   allegedly refuses to order.  Plaintiff also alleges that unidentified prison officials are

23   "prolonging" plaintiff's "treatment."  (Dkt. No. 90.)  Plaintiff challenges medical treatment

24   provided at PVSP.  (See Dkt. No. 69.)

25          A  temporary restraining order is an extraordinary and temporary "fix" that the

26   court may issue without notice to the adverse party if, in an affidavit or verified complaint, the

                                           1

1   movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

2   movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).

3   The purpose of a temporary restraining order is to preserve the status quo pending a fuller

4   hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is

5   the practice of this district to construe a motion for temporary restraining order as a motion for

6   preliminary injunction.[1]

7           A preliminary injunction should not issue unless necessary to prevent threatened

8   injury that would impair the court's ability to grant effective relief in a pending action.  Sierra

9   On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State

10  Ins. Co., 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far

11  reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v.

12  Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary

13  injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he

14  is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

15  equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v.

16  Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc,

17  129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of

18  confinement, any preliminary injunction "must be narrowly drawn, extend no further than

19  necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

20  means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

21          Initially, the principal purpose of preliminary injunctive relief is to preserve the

22  court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan

23  Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted

24

25      [1]  See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing
    that "[t]emporary restraining orders are governed by the same standard applicable to preliminary
26  injunctions") (citations omitted).

1    above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant

2    the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his

3    claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982)

4    (internal citation omitted).  Implicit in this required showing is that the relief awarded is only

5    temporary and there will be a full hearing on the merits of the claims raised in the injunction

6    when the action is brought to trial.  In addition, as a general rule this court is unable to issue an

7    order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v.

8    Hazeltine Research, Inc., 395 U.S. 100 (1969).

9              This court previously sought confirmation that plaintiff was receiving appropriate

10   medical treatment at PVSP, and defendants provided the declaration of Dr. Duenas opining that

11   plaintiff does not have an emergent medical condition or require immediate hospitalization.

12   (Dkt. No. 82-1.)  Accordingly, this court recommended that plaintiff's last six motions for

13   injunctive relief be denied.  (Dkt. No. 88.)

14             Moreover, the instant motion should be denied because it is unrelated to plaintiff's

15   underlying claims.  The instant complaint names defendants, employed at California Medical

16   Facility, who in 2009 and before, allegedly placed a false conviction of forcible rape in plaintiff's

17   prison record for retaliatory purposes.  (Dkt. No. 1.)  Plaintiff's allegations do not concern

18   medical care.  (Id.)  At the time plaintiff filed the instant complaint he was housed at High Desert

19   State Prison in Susanville, California, and was subsequently transferred to PVSP.  Therefore, the

20   claims on which plaintiff's motion is predicated are not included in the complaint on which this

21   action is proceeding.  For that reason, the claims for injunctive relief will not be given a hearing

22   on the merits at trial.

23             Finally, on August 15, 2011, plaintiff filed a notice of change of address advising

24   the court that plaintiff was transferred to R.J. Donovan Correctional Facility in San Diego,

25   California.  Where a prisoner is seeking injunctive relief with respect to conditions of

26   confinement, the prisoner's transfer to another prison renders the request for injunctive relief

1   moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v.

2   Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)

3   (per curiam).  Plaintiff's transfer renders his claims against officials at PVSP moot, as there is no

4   indication that plaintiff will be transferred back to PVSP.  See Wiggins v. Rushen, 760 F.2d 1009

5   (9th Cir. 1985) (chance that prisoner might be returned to prison where injury occurred is too

6   speculative to demonstrate reasonable expectation that injury may recur).

7          For all of the above reasons, plaintiff's motion for injunctive relief should be

8   denied.

9          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for

10  preliminary injunctive relief (dkt. no. 90) be denied.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

16  objections shall be filed and served within fourteen days after service of the objections.  The

17  parties are advised that failure to file objections within the specified time may waive the right to

18  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  September 6, 2011

20

21                                          _____
                                            KENDALL J. NEWMAN
22                                          UNITED STATES MAGISTRATE JUDGE

23  mest3307.pi3

24

25

26

4