IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

      Plaintiff,                   No. 2:09-cv-3307 KJM KJN P

   vs.

MILLER AND REED,

      Defendants.           FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner, presently housed at Pleasant Valley State Prison, Coalinga, California ("PVSP"), proceeding without counsel. Plaintiff's tenth motion for preliminary injunctive relief is before the court. (Dkt. No. 90.) As discussed more fully below, plaintiff's motion for injunctive relief should be denied.

      Plaintiff again seeks a court order requiring plaintiff to be hospitalized. (See Dkt. No. 69.) Plaintiff complains that the surgeon ordered pain medications that Dr. Chokatos allegedly refuses to order. Plaintiff also alleges that unidentified prison officials are "prolonging" plaintiff's "treatment." (Dkt. No. 90.) Plaintiff challenges medical treatment provided at PVSP. (See Dkt. No. 69.)

      A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the

1

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.[1]

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions") (citations omitted).

above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

This court previously sought confirmation that plaintiff was receiving appropriate medical treatment at PVSP, and defendants provided the declaration of Dr. Duenas opining that plaintiff does not have an emergent medical condition or require immediate hospitalization. (Dkt. No. 82-1.) Accordingly, this court recommended that plaintiff's last six motions for injunctive relief be denied. (Dkt. No. 88.)

Moreover, the instant motion should be denied because it is unrelated to plaintiff's underlying claims. The instant complaint names defendants, employed at California Medical Facility, who in 2009 and before, allegedly placed a false conviction of forcible rape in plaintiff's prison record for retaliatory purposes. (Dkt. No. 1.) Plaintiff's allegations do not concern medical care. (Id.) At the time plaintiff filed the instant complaint he was housed at High Desert State Prison in Susanville, California, and was subsequently transferred to PVSP. Therefore, the claims on which plaintiff's motion is predicated are not included in the complaint on which this action is proceeding. For that reason, the claims for injunctive relief will not be given a hearing on the merits at trial.

Finally, on August 15, 2011, plaintiff filed a notice of change of address advising the court that plaintiff was transferred to R.J. Donovan Correctional Facility in San Diego, California. Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief

moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Plaintiff's transfer renders his claims against officials at PVSP moot, as there is no indication that plaintiff will be transferred back to PVSP.  See Wiggins v. Rushen, 760 F.2d 1009 (9th Cir. 1985) (chance that prisoner might be returned to prison where injury occurred is too speculative to demonstrate reasonable expectation that injury may recur).

For all of the above reasons, plaintiff's motion for injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief (dkt. no. 90) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.pi3