IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

      Plaintiff,                No. 2:09-cv-3307 KJM KJN P

    vs.

REED,[1]

      Defendant.           ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed documents stating that on two separate occasions he has received "legal mail" from the court that was already opened, outside his presence. (Dkt. Nos. 106, 108.)

        "The Supreme Court ha[s] held that [legal] mail may be opened in the presence of the addressee and that prison officials [can] require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981) (citing Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974)). "Mail from the courts, as contrasted to mail from a

---

[1] Plaintiff's claims against defendant Miller were dismissed on September 26, 2011. (Dkt. No. 107.)

1

prisoner's lawyer, is not legal mail." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996) (citation omitted).  It is an open question in the Ninth Circuit whether legal mail may be opened outside of the prisoner's presence.  <u>Sherman</u>, 656 F.2d at 528.  However, the Ninth Circuit has held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation.  <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989).

In the instant complaint, plaintiff alleges two incidents of mail from the court being opened outside plaintiff's presence.  Because this mail was from the court, prison officials were not required to open the mail in plaintiff's presence.  <u>Keenan</u>, 83 F.3d at 1094.  Therefore, plaintiff is at risk of missing a court deadline if he refuses to accept mail from the court based on his misapprehension that court mail constitutes legal mail.  Court orders and court filings, unless filed under seal, are a matter of public record.

On September 19, 2011, the undersigned recommended that defendant Reed be dismissed from this action based on plaintiff's failure to respond to the court's August 9, 2011 order to show cause.  On September 22, 2011, plaintiff filed a response to the order to show cause. (Dkt. No. 105.)  Therefore, the court vacates the September 19, 2011 findings and recommendations, and will address the issue of defendant Reed by separate order or findings and recommendations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 23, 2011 and October 3, 2011 filings (dkt. nos. 106, 108) are disregarded; and

2. The September 19, 2011 findings and recommendations (dkt. No. 102) are vacated.

DATED:  October 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.vac