IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS MESTER,

        Plaintiff,                    No. 2:09-cv-3307 KJM KJN P

    vs.

K. DICKINSON, et al.,                 ORDER AND WYATT

        Defendants.              NOTICE

_____/

        On March 12, 2012, defendant Reed filed a motion to dismiss. After being granted an extension of time, plaintiff filed an opposition on May 25, 2012.

        However, on July 6, 2012, the Ninth Circuit issued an order requiring that all prisoners proceeding pro se must be provided notice of certain requirements for opposing a motion to dismiss for failure to exhaust administrative remedies. Woods v. Carey, 2012 WL 2626912,*1 (9th Cir. July 06, 2012 ), citing Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The district court may provide such notice if defendants fail to do so. Woods, 2012 WL 2626912 at *5. When provided by defendant, the notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given." Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc); Woods, 2012 WL 2626912 at *4. These requirements apply to both "pending and future cases." Woods at *6.

1

Here, the March 12, 2012 motion did not include fair notice concerning a motion to dismiss based on an alleged failure to exhaust administrative remedies as required under Wyatt.

Accordingly, the court will provide notice as required by Wyatt and Woods, and will grant plaintiff an extension of time in which to file a supplemental opposition. Plaintiff may opt to rely on his prior opposition. The court is not inclined to grant further extensions of time.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff is hereby informed of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies:

### Wyatt Notice[1]

The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods, 2012 WL 2626912 at *1; Wyatt, 315 F.3d at 1115, 1120 n.15.

1  opposition.  See L.R. 230(l).

2  If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will be over.  If, however, you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

2. Plaintiff is granted thirty days from the date of this order in which to file an opposition to the motion to dismiss, or to file a statement indicating he intends to stand on his May 25, 2012 opposition.  Defendants' reply, if any, shall be filed within seven days thereafter.

DATED:  July 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mest3307.ntc